IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:09-826-CMC |
| v. | |
| Marko Deangelo Marshal, | **Opinion and Order** |
| Defendant. | |

Defendant, through his attorney, seeks relief in this court pursuant to 28 U.S.C. § 2255. ECF No. 1371. The Government filed a motion to dismiss and a memorandum in support. ECF No. 1403. On August 12, 2016, the Government filed a supplemental motion to dismiss. ECF No. 1404. The supplemental motion to dismiss noted that the Government consulted with Assistant Federal Public Defender Kathy Evatt and was advised that she takes no position on the motion. *Id.*

## I.    Background

On October 21, 2009, Defendant was indicted (via superseding indictment) in this court for Conspiracy to Possess with Intent to Distribute cocaine base and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C). ECF No. 367. On November 25, 2009, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Defendant that he was subject to increased penalties based on two prior convictions for felony drug offenses. ECF No. 480.

On January 12, 2010, Defendant entered into a written plea agreement to plead guilty to count 1 of the superseding indictment, conspiracy to possess with intent to distribute 5 kilograms

or more of cocaine and 50 grams or more of "crack" cocaine. ECF No. 564. As part of the plea agreement, Defendant stipulated that he had one prior felony drug conviction that was the subject of an Information filed pursuant to § 851, and which subjected him to a mandatory minimum sentence of 240 months imprisonment. Id. at ¶ 12. In return, the Government agreed that only the first prior conviction in the Information was legally valid. As a part of the plea agreement, Defendant waived his direct appeal rights and his right to file a motion for relief under § 2255 except as to claims of ineffective assistance of counsel and/or prosecutorial misconduct. On January 15, 2010, Defendant appeared before this court and pled guilty as above. ECF No. 577.

A Pre-Sentence Report (PSR) concluded Defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense, and therefore was classified as a career offender pursuant to U.S.S.G. §4B1.1(b). ECF No. 721. Among Defendant's predicate offenses were possession with intent to distribute cocaine base (1995) and criminal domestic violence, 3rd or more. *Id.*

Defendant filed objections to the drug weight attributed to him and to his alleged status as a gang member in the PSR. ECF No. 721-3. Defendant also filed a sentencing memorandum, noting that Defendant's guideline range was 262-327 months, but requesting a sentence of 240 months, the statutory mandatory minimum. ECF No. 738.

On July 9, 2013, Defendant appeared for sentencing. ECF No. 741. The Government withdrew one of the two filed § 851 enhancements. Defendant's objection as to his alleged gang affiliation was sustained, and he withdrew the remaining objections. The court granted Defendant's request for a downward variance, sentencing Defendant to the mandatory minimum 240 months imprisonment, with ten years of supervised release to follow. ECF No. 755. On

2

December 17, 2014, an Amended Judgment was entered, reducing Defendant's sentence to 188 months. ECF No. 1186.

## II.     Impact of *Johnson* and *Welch*

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." 576 U.S. at __, 135 S. Ct. 2551 (2015). By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal.

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), holding that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

In order for Defendant to be entitled to relief, the newly recognized right established in *Johnson* must be applicable not only to the ACCA, but to the career offender portion of the Sentencing Guidelines, which contains a residual clause in its definition of "violent felony." That residual clause, similar to the one in the ACCA, explains that "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" may be used as a predicate offense for career offender purposes. 18 U.S.C. § 16 (b)

The Fourth Circuit recently noted that it was "not persuaded" that *Johnson* applied only to the ACCA's residual clause and not the residual clause found in § 16(b). *See In re Creadell Hubbard*, No. 15-276, __ F.3d __, 2016 WL 3181417, at *3 (4th Cir. June 8, 2016). Although

3

dealing with the standard for review of an application under § 2244 for permission to file a second or successive § 2255 motion, instead of the standard for relief under § 2255, the Fourth Circuit suggested that the residual clause of § 16(b) may also be invalidated by *Johnson*. *Id.* The Supreme Court has granted *certiorari* in *United States v. Beckles*, No. 15-8544, in order to determine whether *Johnson* applies to the career offender guideline.

### III. Discussion

In this case it is not necessary to decide whether the residual clause in the career offender guideline was invalidated by *Johnson*, and therefore unnecessary to await the Supreme Court's decision in *Beckles*. While Defendant was categorized as a career offender in the PSR, Defendant filed a motion for a variance to 240 months, the mandatory minimum sentence when a defendant has a previous felony drug conviction noticed in an § 851 Information. *See* 21 U.S.C. § 841("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . ."). Defendant stipulated to having one prior felony drug conviction.

The court found that Defendant was subject to a statutory mandatory minimum sentence and granted the requested variance to a sentence below the guideline range for Defendant's career offender status. Defendant was sentenced to 240 months. Therefore, Defendant's sentence was not driven by the career offender guideline, and in fact his career offender status had no ultimate impact on the sentence he received. Further, Defendant received the lowest possible sentence – the mandatory minimum – prescribed by statute after an § 851 Information. Accordingly, the

4

possible application of the *Johnson* reasoning to the career offender guideline would provide Defendant no relief.

### IV. Conclusion

Defendant's challenge to his career offender status fails because Defendant received a statutory mandatory minimum sentence and thus was not affected by the application of the career offender guideline. The Government's supplemental motion to dismiss is granted[1] and Defendant's § 2255 motion is hereby dismissed.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

---

[1] ECF No. 1404 is granted, thereby mooting ECF No. 1403.

**IT IS SO ORDERED.**

                                                   s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 23, 2016

6