IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Cr. No. 3:09-826-CMC |
|---|---|
| v. | |
| Marko Deangelo Marshal, | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's "motion for relief from judgment or independent action" pursuant to Fed. R. Civ. P 60(b) and (d). ECF No. 1426. Defendant appears to be moving for relief from judgment based on Rule 60(b)(4) or (5), or for this court to grant relief in an independent action under Rule 60(d). His motion seeks reconsideration of this court's denial of his previously filed motions under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2), arguing he should benefit from *United States v. Williams*, 808 F.3d 253 (4th Cir. 2015), which held modification of sentence available to defendants who receive amended sentences below their original mandatory minimum. The Government filed a response in opposition, characterizing Defendant's motion as a "Holloway request." ECF No. 1431. Defendant filed a reply, arguing Amendment 782 should be applied as he received a Rule 35(b) reduction in sentence and is no longer sentenced to a statutory mandatory minimum. ECF No. 1435.

Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment for certain reasons, including a void judgment, one based on an earlier judgment reversed or vacated, or one no longer equitable. Fed. R. Civ. P. 60(b)(4),(5). Rule 60(d) allows a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding."

The instant motion does not set forth a valid basis for relief under Rules 60(b) or (d). The Fourth Circuit Court of Appeals has directed that district courts ascertain and address whether Rule 60(b) motions are, in reality, second or successive motions under § 2255. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003); *see also Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005). "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion for reconsideration." *Winestock*, 340 F.3d at 207; *see also United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015).

Defendant's motion attacks his sentence, arguing it should be modified based on *Williams* because he received a sentence below his original mandatory minimum and is therefore now eligible for a reduction under § 3582(c). ECF No. 1426 at 3. He further argues modification is appropriate because he would not receive an enhancement under § 851 based on the "new charging policies" as delineated in a Justice Department memo from August 2013.[1] *Id.* at 4. Neither of these grounds alleges a defect in the collateral review process; therefore, this motion is one properly brought under § 2255. As such, it is successive and Defendant has failed to first obtain permission from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Further, Defendant's motion fails on the merits. He is not eligible for a reduction under Amendment 782 (or any of the other so-called crack cocaine amendments) because he received a

---

[1] The court lacks jurisdiction over the application of charging policies of the Justice Department.

2

variance at sentencing which cannot be used to calculate his guideline range in a proceeding pursuant to § 3582(c). His guideline range at sentencing was 262 to 327 months, based on a total offense level of 34 and a criminal history category of VI. *See* ECF No. 1254. However, Defendant received a variance at sentencing and was sentenced to a below-guidelines 240 months, the mandatory minimum.[2] An amended judgment was entered on December 17, 2014, reducing Defendant's sentence to 188 months. Defendant is correct this "gets him out from under" the mandatory minimum, making him eligible for a sentence modification under Amendment 782. However, it does not automatically render the Amendment applicable to Defendant's specific situation.

In this case, the court must start the modification analysis at Defendant's original applicable guideline range of 262-327, not the imposed sentence of 240 months, because variances granted at sentencing cannot be factored into the Amendment 782 analysis. Because Defendant is a career offender, his amended total offense level is still a 34: the two level reduction under Amendment 782 would take him to a 32, but the career offender guideline[3] would take him back up to a 37 with a three level reduction for acceptance resulting in a 34. The resulting guideline range remains 262-327 months. The Rule 35(b) reduction is then factored in, resulting in a 21.5% reduction to 206 months. However, as Defendant is currently serving a sentence of 188 months, he does not receive a lower sentence by application of Amendment 782.

---

[2] The court notes its Order dated November 10, 2015 (ECF No. 1300) incorrectly stated Defendant's original sentence as 320 months.

[3] To the extent Defendant attempts to challenge his designation as a career offender, the court has ruled upon this argument and no grounds for reconsideration appear in this motion. *See* ECF No. 1406. The decision in *Beckles v. United States*, 580 U.S. __, 137 S. Ct. 886 (2017) further forecloses this argument.

For the reasons above, Defendant's motion is denied.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 2, 2018